IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

HENRY TONJE SMITH                                                                            PETITIONER

v.                                          Civil No. 6:09-cv-6032

UNITED STATES OF AMERICA                                                          RESPONDENT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, HENRY TONJE SMITH, (hereinafter "Smith" or "Petitioner") filed this petition for writ of *a habeas corpus* pursuant to 28 U.S.C. § 2241.  The petition was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.  The Petition was ordered filed and service was ordered on the United States of America (hereinafter the "Government" or "Respondent"). The Government has responded and this matter is ready for decision.

**A.   Factual and Procedural Background[1]:**

Smith is an inmate in the United States Penitentiary, Pollock, Louisiana, located in the Western District of Louisiana, Alexandria Division. On September 25, 2002, the grand jury for this district returned a two-count indictment charging Smith with (1) bank robbery by force or violence in violation of 18 U.S.C. § 2113(a) and (d); and, (2) robbery of less than $1,000.00 from a bank insured by the FDIC in violation of 18 U.S.C. § 2113(b).  The Federal Public Defender was

---

[1] The factual and procedural background is taken from the Report and Recommendation of United States Magistrate Judge Bobby Shepherd in *United States v. Smith*, Criminal No. 6:02-cr-60021 (W.D. Arkansas, 2003) and from the docket in the instant case.

appointed to represent Smith and he entered a plea of not guilty to both counts of the indictment. (Doc #14)

On December 2, 2002, pursuant to a written plea agreement, Smith was named as the defendant in a one-count superceding information charging him with bank robbery by intimidation in violation of 18 U.S.C. § 2113(a). On that same date, Smith appeared with Assistant Federal Public Defender Lisa Peters, was arraigned, waived indictment and entered a plea of guilty to the charge contained in the information. On March 3, 2003, Smith was sentenced to 100 months imprisonment, three years supervised release, a $3,000.00 fine, a restitution in the amount of $1,380.00, and a $100.00 special assessment. Smith did appeal the conviction or sentence.

On May 5, 2005, the Smith filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, alleging various errors had occurred at his sentencing. Prior to filing the § 2255 motion, Smith filed no other applications or motions seeking review of his sentence. The Government responded to the Motion and alleged it was untimely filed. On November 3, 2005, United States Magistrate Judge Bobby Shepherd found the § 2255 motion to be untimely and recommended dismissal. On November 30, 2005, United States District Judge Jimm Larry Hendren adopted the recommendation and ordered Smith's § 2255 motion dismissed. Smith did not appeal this dismissal.

**B. Current Petition**:

On April 14, 2009, Smith filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Smith alleges the Pre-Sentence Report ("PSR") from his original criminal conviction in this matter contains a reference to a 1990 Garland County, Arkansas, domestic abuse charge which was used against him at his sentencing on November 30, 2005. He claims the domestic abuse

charge should have been dismissed by the state court, but instead was reduced to a misdemeanor and used against him at his federal sentencing. Smith asserts he "never agreed that this abuse charge be reduced to a misdemeanor and used against Plaintiff at sentencing." (Doc. No. 1 p. 3.). Smith asks this Court to "abstract" the domestic abuse charge from the PSR. Presumably Smith is requesting that his PSR be amended by removal of the referenced state court conviction.

The Government responds and urges denial of the Petition. Specifically, the Government states (1) the Petition fails to state a claim in that the PSR does not contain a 1990 Domestic abuse conviction; (2) the Court lacks jurisdiction to consider this case because Smith is not incarcerated within the confines of the Western District of Arkansas; (3) the Petition should be construed as § 2255 Motion and, as such, is untimely; and (4) Smith is not able to rely on the savings provision of § 2241 because there exist adequate and effective remedies other than a petition for *habeas corpus* relief.

**C. Discussion**: Smith seeks to have his PSR corrected to remove what he alleges is erroneous information, namely the inclusion in the PSR of an erroneous 1990 conviction for domestic abuse. Smith does not indicate how said information is detrimental to him or why the removal of the alleged erroneous information is important to him. Further, a review of the PSR in this case reveals that it does not contain any reference to a conviction for domestic abuse in 1990 or at any other time. However, because this petition should be denied on the grounds of lack of jurisdiction, the Court will only address that issue here.

In this case, Smith seeks *habeas corpus* relief pursuant to 28 U.S.C.§ 2241. A prisoner attacking the execution of a federal criminal sentence "will have the right, after exhausting his remedies with the BOP, to file a 28 U.S.C. § 2241 petition in either the district where he is confined,

in the United States District Court for the District of Columbia, or in any district in which the BOP maintains a regional office . . ."  *United States v. Chappel*, 208 F.3d 1069, 1070 (8th Cir. 2000). *See also United States v. Feist*, 2009 WL 3151832, at *1 (8th Cir. October 2, 2009).

In *United States v. Leath*, 711 F.2d 119 (8th Cir. 1983), the Court was faced with the exact claim made by Smith here.  In *Leath*, a prisoner serving a federal sentence filed a "Motion to Correct Presentence Report" seeking to have "erroneous information" in his presentence report corrected. The petitioner had been convicted in the Eastern District of Missouri and was incarcerated in the state of Illinois.  He filed his motion in the Eastern District of Missouri.  The Eighth Circuit held in *Leath*:

> We do not agree with the district court's characterization of appellant's motion as a § 2255 motion. Appellant did not challenge the validity of his sentence; he only wanted to remove certain allegedly erroneous information from his presentence report and reduce his parole eligibility classification. Because "this is a challenge to the execution of the sentence rather than to the sentence itself, we do not have jurisdiction under § 2255." *Nor do we have jurisdiction if we construe appellant's motion as a habeas corpus petition under 28 U.S.C. § 2241 because appellant did not file the action in the district in which he is confined*.
>
> Accordingly, we dismiss the appeal and remand the case to the district court to dismiss for lack of jurisdiction.

*Id.* at 120-21(emphasis added)(citations omitted).

Here, just as in *Leath*, Smith is serving his sentence in a district other than the district of his conviction.  He is not challenging the sentence pursuant to §2255.  He has not filed this petition in the district of his incarceration.   Instead of filing his petition in the Western District of Louisiana, as he was required to do, he filed the instant petition in the Western District of Arkansas. Accordingly, this Court lacks jurisdiction in this case and the Petition should be dismissed without prejudice.  *See Leath*, 711 F.2d at 120-21.

The Court also notes Smith did not indicate he had exhausted his remedies with the Federal Bureau of Prisons. Smith is free to file this Petition in the district of his incarceration, but should be mindful of the requirement to exhaust all administrative remedies prior to filing such petition.

**E. Recommendation**:

Accordingly, based on the foregoing, it is recommended that the instant Petition **DENIED** and dismissed without prejudice.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.** *See Thompson v. Nix,* 897 F.2d 356, 357 (8th Cir. 1990).

**DATED** this **27th day of January, 2010.**

    /s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE